398 P.2d 200

**UTAH FINANCE COMPANY OF SALT LAKE, Plaintiff and Appellant,**

**v.**

**Thomas G. PATRICK and Mona Rae Patrick, Defendants and Respondents.**

No. 10179.

Supreme Court of Utah.

Jan. 22, 1965.

Pugsley, Hayes, Rampton & Watkiss, Salt Lake City, for appellant.

Nolan J. Olsen, Midvale, for respondent.

**196**

WADE, Justice.

This appeal is by the Utah Finance Company of Salt Lake from a summary judgment granting respondent, Thomas G. Patrick's motion to dismiss, as to him, appellant's action to recover on a promissory note because the debt it represented was discharged in his bankruptcy proceedings. The court granted a judgment against Mona Rae Patrick upon her admission that appellant was entitled to judgment against her.

It is uncontroverted that Thomas G. Patrick and Mona Rae Patrick furnished the appellant, Utah Finance Company of Salt Lake an industrial loan corporation, to whom we shall hereafter refer as Finance Company, with a false and fraudulent financial statement in order to secure a renewal of a previous note and mortgage and for the loan of an additional amount. In granting the renewal and the additional loan, the Finance Company made a charge of $19.04, which, under the provisions of Sec. 7–8–3, U.C.A.1953 as amended in 1955, it was authorized to do for an "expense incurred by it in examining and investigating the character and circumstances of the borrower."

Under one of the provisions of the United States Bankruptcy Act, Title 11, § 35, U.S. C.A., a discharge in bankruptcy will not release a debt, the liability for which was obtained by reliance of the creditor upon a materially false statement in writing made by the debtor of his financial condition with an intention to deceive. The court concluded as a matter of law that because the Finance Company made a charge for examining the credit rating of the borrower it cannot claim to have relied upon the financial statement he gave it. We cannot agree.

Unless it is clear that no reliance was placed on a false financial statement given to induce the loan, whether there was or was not such reliance is a factual question. The mere fact that a charge was made for an investigation of a borrower's credit rating does not necessarily prove that no reliance is placed by the lender on the written financial statement. At most an independent investigation could only have the tendency to indicate that the Finance Company might not have relied on such statement. Even though an independent investigation is made by a lender, it is not conclusive proof that no reliance was placed on the false financial statement in granting the loan. This is especially true where the borrower, as is the case here, failed to disclose substantial amounts owed to relatives, which certainly has a tendency to make it difficult, if not impossible, for the lender to ascertain the true financial picture of the would-be borrower. As stated in 23 Am. Jur. Sec. 144, page 945:

"In spite of some effort to authenticate the verity of what is represented, the question remains, except in clear

cases, whether the complainant relies in fact upon the representations made to him or upon the extraneous sources of information consulted by him; and it is not always determinable merely from the fact that outside sources are consulted that there is no reliance on the representations. *The mere fact that one makes an independent investigation or examination, or consults with others, does not necessarily show that he relies on his own judgment or on the information so gained, rather than on the representations of the other party, nor does it give rise to a presumption of law to that effect. * * *"* (Emphasis ours.)

From what we have said, it follows that the court erred in finding as a matter of law that because the Finance Company made a charge for an independent examination, it is precluded from claiming reliance upon the financial statement given by respondent.[1]

Reversed, with instruction to grant a trial on the issues. Costs to appellant.

HENRIOD, C. J., and McDONOUGH, CROCKETT and CALLISTER, JJ., concur.

[1]. Restatement Law of Torts, Vol. 111, Sec. 547, subsec. (2), comment b.; Boehme v. Broadway Theater Co., 91 Wash. 104, 157 P. 218; Baylies v. Vanden Boom, 40 Wyo. 411, 278 P. 551, 70 A.L.R. 924 and Anno. 11, page 945.